UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

..............................................................

JORGE AGUDELO,

    Petitioner,         NOT FOR PUBLICATION

 -against-            MEMORANDUM & ORDER

                  04 CV 670 (CBA)

UNITED STATES OF AMERICA,

    Respondent.

..............................................................

AMON, UNITED STATES DISTRICT JUDGE

  Before this Court is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 filed by petitioner Jorge Agudelo ("Agudelo"). For the reasons set forth below, this Court dismisses Agudelo's petition.

**I. Background**

  On November 9, 2001, Agudelo arrived at John F. Kennedy International Airport in Queens, New York, aboard a flight from Colombia. During a routine examination, a United States Custom inspector discovered a strong order emanating from the clothing contained in Agudelo's suitcase and noted that the clothing was unusually heavy. (See Presentence Investigation Report at ¶ 2.) A laboratory analysis by the Drug Enforcement Agency revealed that the clothing contained 2.8 kilograms of heroin. (Id. at addendum.) On December 7, 2001, Agudelo was charged in a two-count indictment with importation of heroin (Count One) and possession with intent to distribute heroin (Count Two), in violation of 28 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A), and 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), respectively. (See

1

Indictment No. 01-CR-1353.)

On February 8, 2002, Agudelo plead guilty to a lesser-included offense of Count One. (See Plea Tr.) As part of the plea, Agudelo admitted that he had known that he was bringing a kilogram of heroin into the United States and that he was not contesting the laboratory report finding 2.8 kilograms of heroin. (Id. at 3-4, 11, 19.) This Court explained to Agudelo that according to the terms of the plea agreement, he waived his right to appeal or otherwise challenge the conviction and sentence in the event that the Court imposed a term of imprisonment of less than 71 months. (Id. at 12-13.) Agudelo indicated that he understood that he was waiving his right to appeal. (Id. at 12-13.) He also stated that he was "very satisfied" with the representation provided by his attorney. (Id. at 6.)

At the sentencing hearing on May 17, 2002, the parties agreed that the proper guideline range was 46 to 57 months, and the Court imposed a sentence of 46 months. (Sentencing Tr. at 2-3, 6.) The Court once more informed Agudelo that, under the plea agreement, he had waived his right to appeal, but informed Agudelo that in the event he had not waived his right to appeal, a notice of appeal would have to be filed within 10 days. (Id. at 8.) Agudelo indicated that he understood as such. (Id.) On June 11, 2002, the Court entered a judgment of conviction against Agudelo. Agudelo did not file a notice of appeal.

On February 9, 2004, Agudelo filed the instant petition, asserting that the quantity of heroin upon which his sentence was based was in error and that his attorney rendered ineffective assistance of counsel in failing to file a notice of appeal.

## II. Discussion

### A. Agudelo's petition is not timely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to a motion" under 28 U.S.C. § 2255. That one-year period of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The instant petition was filed more than one year from the date the judgment of conviction became final. The Court entered judgment on June 11, 2002. Excluding weekends, Agudelo had ten days, or until June 24, 2002, to file his notice of appeal. See Fed. R. App. P. 4(b). Because no direct appeal was taken, the judgment of conviction became final on June 25, 2002, the day after the time to appeal expired. See Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000) (citing Fed. R. App. P. 4(b)); see also Sulaiman v. United States, 2002 WL 519718, at *1 (E.D.N.Y. Apr. 2, 2005). Agudelo did not file the instant petition until February 9, 2004, over seven months after the one-year statute of limitations had expired.

Furthermore, Agudelo has not asserted that any of the exceptions set forth in § 2255 apply to the instant petition. Agudelo had an opportunity in his reply papers to address the untimeliness of his petition, an argument raised by the government in its opposition. However,

3

Agudelo did not argue that the statute of limitations began to run at some point after the date his conviction became final. He did not identify any "impediment" to filing his petition that was created by the government, nor did he identify or claim the violation of any right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(4), (3). Furthermore, he did not identify any date, subsequent to final judgment, on which "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2255(4).

In particular, although Agudelo's petition is based in part on his attorney's alleged failure to file a notice of appeal, Agudelo has not indicated when he discovered that his appeal had not been filed, nor has he argued that he could not have discovered the failure to file the appeal through the exercise of due diligence. See, e.g., Tellier v. United States, 2006 WL 2707371, *7 (S.D.N.Y. Sept. 20, 2006) (denying claims as untimely where petitioner did not "specify the date on which he discovered the facts that support [his] claims . . . [n]or explain why these facts could not have been discovered earlier through the exercise of due diligence"); see also Santiago v. United States, 2006 WL 3388398, *2 (D. Conn. Nov. 20, 2006) (denying habeas petition as untimely where petitioner "does not identify any date, subsequent to final judgment, on which 'the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence'"); United States v. Quinonez, 2005 WL 1353946, *2 (D. Conn May 31, 2005) (same). In those cases in which a petitioner asserts that the statute of limitations did not begin to run on the day the conviction became final, courts have determined that the date on which the statute of limitations begins to run is a question of fact. See, e.g., Wims, 225 F.3d at 191 (holding that a five-month delay in determining that attorney had not filed a notice of appeal

4

was not a per se bar to habeas relief; rather, the date on which the statute of limitations began to run was a question of fact to be determined by the district court). However, in the instant case, Agudelo has not argued that the statute of limitations began to toll on some day after the conviction became final, nor has he provided any facts to support such a determination. Accordingly, his petition must be dismissed as untimely.

## **CONCLUSION**

The Court finds that the instant petition was filed more than one year from the date the judgment of conviction became final, and there has been no showing made that any of the exceptions that extend the one-year limitation period apply. Accordingly, Agudelo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied as untimely. Further, a certificate of appealability will not be issued because Agudelo has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed enter judgment in accordance with this Order and to close the case.

SO ORDERED
Dated: Brooklyn, New York
      December 14, 2006

_____
Carol Bagley Amon
United States District Judge